**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK J. FISCHER, | No. 12-35383 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00106-JCC |
| v. | |
| DANIEL GRIFFITH, Correctional Officer; JOHN DOES 1-10, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Frederick J. Fischer, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety.  We have

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Albino v. Baca,* 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc), and we affirm.

The district court properly concluded that Fischer failed to exhaust administrative remedies because Fischer did not show that he had completed the prison's grievance procedures or that administrative remedies were effectively unavailable to him.  *See Woodford v. Ngo*, 548 U.S. 81, 90, 93-95 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means completing the administrative review process in compliance with the applicable procedural rules, including deadlines); *Albino*, 747 F.3d at 1172 (setting forth respective burdens where defendant argues that prisoner failed to exhaust administrative remedies); *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

12-35383